UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| CITY OF SALINA, KANSAS, | ) |
| | ) |
| SALINA AIRPORT AUTHORITY, | ) |
| | ) |
| UNIFIED SCHOOL DISTRICT NO. 305 | ) |
| OF SALINE COUNTY, KANSAS, AND | )   Case No. _____ |
| | ) |
| KANSAS STATE UNIVERSITY, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT**

For its Complaint against Defendant United States of America ("Defendant" or "United States"), Plaintiffs City of Salina, Kansas ("City"), Salina Airport Authority ("SAA"), Unified School District No. 305 of Saline County, Kansas ("USD 305"), and Kansas State University ("KSU") (referred to herein as "Plaintiffs" or "Salina Public Entities") (collectively, the "Parties"), state and aver the following:

**STATEMENT OF THE CASE**

1. This is a civil action for response costs brought against Defendant pursuant to Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. § 9607, as amended by the Superfund Amendments and Reauthorization Act of 1986 ("CERCLA").

1

2. Plaintiffs seek to recover certain unreimbursed response costs incurred and to be incurred for response activities related to the release and threatened release of hazardous substances at or near the former Schilling Air Force Base (the "Site").

3. Plaintiffs also seek a judgment on liability for future response costs that will be incurred by Plaintiffs pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2).

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action, and the parties hereto, pursuant to CERCLA Section 113(b) and 28 U.S.C. § 1331.

5. Additionally, the Court has authority to issue a declaratory judgment concerning the rights and liabilities of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 and 42 U.S.C. § 9613(g)(2).

6. Venue is proper in this district pursuant to CERCLA Section 113(b), 42 U.S.C. § 9613(b), and 28 U.S.C. § 1391(b) and (c), because the claims arose and the threatened and actual releases of hazardous substances occurred in this district.

## PARTIES

7. Plaintiff City of Salina is a municipal corporation organized under the laws of the State of Kansas. Salina is a first-class city of nearly 50,000 people at the crossroads of Interstates 70 and 135, near the geographic center of the contiguous United States. It is a city in and the county seat of Saline County, Kansas. It is a retail, agricultural, manufacturing and cultural center for the 22-county area known as North Central Kansas.

8. Plaintiff SAA is a public entity organized under the laws of the State of Kansas. It consists of the Salina Regional Airport, SLN Aviation Service Center and the Salina Airport Industrial Center. It is the home for over 100 businesses and organizations. On a daily basis, approximately 6,000 people work in and use the SAA property. SAA is located on over 2,900

acres of land that are part of the Site.

9. Plaintiff USD 305 is a public school district organized under the laws of the State of Kansas. USD 305 Salina Public Schools provides primary and secondary education to approximately 7,000 students with 1,600 employees. USD 305 owns the land and buildings for the Salina Area Technical College, which is located on part of Site. The College has approximately 1,100 full and part-time students in addition to the staff.

10. Plaintiff KSU is a public university organized under the laws of the State of Kansas. KSU's Polytechnic Campus is located on part of the Site and has approximately 600 undergraduate students in addition to staff.

11. Defendant United States is the federal government comprised of three branches: the Executive, Judicial, and Legislative. Defendant is the former owner and operator of the Site.

## **GENERAL ALLEGATIONS**[1]

12. The Site is the former Schilling Air Force Base in Salina, Kansas. The Site was used as an active U.S. military base from the early 1940s through the mid-1960s.

13. The Site is contaminated with various hazardous substances, including chlorinated solvents such as tricholorethylene ("TCE"), perchloroethylene ("PCE"), and carbon tetrachloride ("Carbon Tet"). Per- and polyfluoroalkyl substances ("PFAS") are also present at the Site.

14. Each Plaintiff is a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

15. Defendant United States is a "person" within the meaning of Section 101(21) of

---

[1] A more detailed recitation of the factual history of the Site is set forth in Plaintiff's Amended Complaint filed with the Court in a previously filed separate action in *City of Salina, Kansas et al. v. United States et al.*, Case No. 2:10-cv-02298-CM-DJW, which matter was resolved in a judicially approved Consent Decree pursuant to which Plaintiffs performed a Remedial Investigation/Feasibility Study for the Site.

3

CERCLA, 42 U.S.C. § 9601(21). Defendant is the former owner and operator of the Site.

16. Defendant is a person who at the time of disposal of a hazardous substance owned and/or operated a facility at which such hazardous substances were disposed and from which there were releases of hazardous substances, or threatened releases of hazardous substances, which caused the incurrence of response costs, within the meaning of CERCLA Section 107(a)(2), 42 U.S.C. 9607(a)(2).

17. The Site is a "facility" within the meaning of CERCLA Section 101(9) and 107(a), 42 U.S.C. §§ 9601(9) and 9607(a).

18. At times relevant to this action, there have been "releases" and "threatened releases" of "hazardous substances" from the property owned and/or operated by Defendant and into the environment at and from the Site, within the meaning of CERCLA Sections 101(14), 101(22), and 107(a), 42 U.S.C. §§ 9601(14), 9601(22), and 9607(a). More specifically, there have been "releases" and "threatened releases" of hazardous substances, including TCE, PCE, and Carbon Tet, which are "hazardous substances" within the meaning of CERCLA Sections 101(14) and 107(a), 42 U.S.C. §§ 9601(14) and 9607(a).

19. Plaintiffs have incurred and will continue to incur "response costs" relating to the Site within the meaning of CERCLA Section 101(25), 42 U.S.C. § 9601(25), in responding to releases and threatened releases of hazardous substances from property that was owned and/or operated by Defendants at the Site at the time of the release or threatened release. The response costs incurred by Plaintiffs include the costs of performing ongoing remedial work at the Site. Plaintiffs will continue to incur response costs in connection with remedial work at the Site.

20. The above-described response costs relating to the Site were incurred and will be incurred by the Plaintiffs in a manner consistent with the National Contingency Plan, which was

promulgated under CERCLA Section 105(a), 42 U.S.C. § 9605(a), and codified at 40 C.F.R. Part 300.

21. Plaintiffs previously filed an action against Defendant in Case No. 10-cv-02298-CM-DJW, which resulted in the entry of a judicially approved Consent Decree with respect to a Remedial Investigation and Feasibility Study ("RI/FS") for the Site. Plaintiffs performed the RI/FS under a Consent Agreement and Final Order ("CAFO") issued by the Kansas Department of Health and Environment ("KDHE"). See Consent Decree (May 2, 2013) No. 2:10-cv-02298-CM-DJW (Document 55).

22. Following completion of the RI/FS process in 2019 and the entry of a Corrective Action Decision by KDHE, also in 2019, Plaintiffs and Defendant entered into a multi-session mediation, which ultimately resulted in the execution in 2020 of a Consent Decree with respect to the design and performance of the remedy at the Site. A true and correct copy of the fully executed Consent Decree will be separately lodged with the Court.

23. The Parties are filing contemporaneously herewith a Joint Motion for Entry of the Consent Decree.

## CLAIM FOR RELIEF

### Cost Recovery and Declaratory Judgment under CERCLA Sections 107(a) and 113(g)(2), 42 U.S.C. §§ 9607(a) and 9613(g)(2)

24. Paragraphs 1-23 are re-alleged and incorporated herein by reference.

25. Pursuant to CERCLA Sections 107(a) and 113(g)(2), 42 U.S.C. § 9607(a) and 9613(g)(2), Defendant is liable to Plaintiffs for all response costs incurred and to be incurred by Plaintiffs related to the Site, as well as prejudgment interest.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully request that the Court:

1. Enter judgment in favor of Plaintiffs and against Defendant for response costs incurred by Plaintiffs, including prejudgment interest, in connection with the above-described response actions relating to the Site.

2. Enter a declaratory judgment of liability against Defendant pursuant to CERCLA Section 113(g)(2), 42 U.S.C. § 9613(g)(2), declaring Defendant jointly and severally liable for the response costs incurred to date, and to be incurred in the future, consistent with the NCP, in response to the releases or threatened releases of hazardous substances at the Site;

3. Award Plaintiffs their costs in this action; and

4. Grant such other and further relief as the Court deems just and proper.

## DESIGNATION OF PLACE OF TRIAL

Plaintiffs respectfully request trial in Kansas City, Kansas.

**STINSON LLP**

/s/ *Robin K. Carlson*
Robin K. Carlson (KS #21625)
1201 Walnut Street, Suite 2900
Kansas City, MO  64106-2150
Telephone:  (816) 842-8600
Facsimile:  (816) 412-9370

Andrew W. Davis (MN #386634)
Application for *pro hac vice* admission pending
50 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 335-1500
Facsimile: (612) 335-1657

**ATTORNEYS FOR PLAINTIFFS CITY OF SALINA, KANSAS, SALINA AIRPORT AUTHORITY, UNIFIED SCHOOL DISTRICT NO. 305 OF SALINE COUNTY, KANSAS, AND KANSAS STATE UNIVERSITY**